## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathan L. Pearson
Starkes Law Office
Winamac, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Earl Beem,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 28, 2017

Court of Appeals Case No.
75A05-1606-CR-1523

Appeal from the Starke Circuit Court

The Honorable Kim Hall, Judge

Trial Court Cause No.
75C01-1603-F6-32

**Baker, Judge.**

[1] Earl Beem appeals his convictions for Level 6 Felony Possession of Methamphetamine,[1] Level 6 Felony Maintaining a Common Nuisance,[2] and Class C Misdemeanor Possession of Paraphernalia,[3] arguing that the evidence is insufficient to support the convictions. Finding the evidence sufficient, we affirm.

# Facts

[2] In February 2016, the Hamlet Police Department began receiving complaints regarding drug activity in a Hamlet residence that belonged to Melissa Howard. As a result, the police department began conducting trash pulls at that address from February to March 4, 2016. In the trash that they pulled, officers found various items used to ingest illegal substances, including needles, syringes, and spoons.

[3] On February 22, 2016, Hamlet Police Chief Frank Lonigro went to Howard's residence at the request of the Department of Child Services. While there, Chief Lonigro encountered Beem, who told the chief that he was living at that address. Chief Lonigro saw Beem at that residence a total of five times between mid-February and March 4, 2016. Howard's ex-husband also stated that Beem was living at the residence.

---

[1] Ind. Code § 35-38-4-6.1(a).

[2] I.C. § 35-48-4-13(b)(1) (2016).

[3] I.C. § 35-48-4-8.3(b)(1) (2016).

[4] On March 4, 2016, police officers applied for and were granted a search warrant for Howard's residence. While applying for the warrant, an officer learned that Beem had left the residence in a vehicle. The officer followed the car and eventually detained Beem while the warrant for Howard's residence was being executed. During the search of Howard's residence, police officers found aluminum foil pieces[4] with white residue on them on the dresser in plain view in the master bedroom and "a lot of baggies in one bag" that had white, flaky residue in them. Tr. Vol. II p. 116. Some of these items later tested positive for methamphetamine.

[5] On March 8, 2016, the State charged Beem with Level 6 felony possession of methamphetamine, Level 6 felony maintaining a common nuisance, and Class C misdemeanor possession of paraphernalia. At Beem's May 18 and 19, 2016, jury trial, the State presented evidence that Beem had been living at Howard's residence and that he and Howard had smoked methamphetamine together. The jury found Beem guilty as charged and, on June 1, 2016, the trial court imposed an aggregate sentence of thirty months. Beem now appeals.

## Discussion and Decision

[6] Beem's sole argument on appeal is that the evidence is insufficient to support his convictions. When reviewing a claim of insufficient evidence, we will

---

[4] Chief Lonigro later testified that foil pieces are a common way to ingest illegal substances. Tr. Vol. II p. 116.

consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

## I. Possession of Methamphetamine and Paraphernalia

[7] To convict Beem of Level 6 felony Possession of Methamphetamine, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed methamphetamine. I.C. § 35-48-4-6.1. Similarly, to convict Beem of Class C misdemeanor possession of paraphernalia, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed an instrument, device, or other object that he intended to use for introducing into his body a controlled substance. I.C. § 35-48-4-8.3.

[8] Because Beem did not have actual possession of the drugs or paraphernalia, the State was required to prove that he constructively possessed the contraband. Constructive possession occurs when "somebody has the intent and capability to maintain dominion and control over the item" without having direct physical control over it. *Henderson v. State*, 715 N.E.2d 833, 835. The key to proving intent is the defendant's knowledge of the contraband's presence, which can be inferred from either "the exclusive dominion and control over the premise containing the contraband or, if the control over the premise is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of

the presence of the contraband." *Id.* These additional circumstances may be established by (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in a setting that suggests manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, or (6) the mingling of contraband with other items owned by the defendant. *Id.* at 836.[5]

[9] Beem raises two arguments with respect to these convictions. First, he argues that he did not have a possessory interest in Howard's residence. Second, he argues that even if we found that he was an occupant of that home, the State failed to present additional circumstances pointing to his knowledge of the presence of the methamphetamine and paraphernalia.

[10] A possessory interest is not defined by ownership but, instead, by whether a person has control over a residence. *E.g.*, *Gee*, 810 N.E.2d at 340-41 (holding that "a residence is controlled by the person who lives in it and that person may be found in control of any drugs discovered therein, whether he is the owner, tenant, or merely an invitee"). Here, the State presented ample evidence establishing that, in the month leading up to the execution of the search

---

[5] Beem implies that the State was required to prove *all* of these circumstances, but that is incorrect. These factors are not exclusive, and the State is not required to present evidence for more than one factor. *Gee v. State*, 810 N.E.2d 338, 344 (Ind. 2004) (holding that "the State is required to show that whatever *factor or set of factors* it relies upon in support of the intent prong of constructive possession, those factors or set of factors must demonstrate the probability that the defendant was aware of the presence of the contraband and its illegal character") (emphasis added).

warrant, Beem had been living at Howard's residence with her permission and, therefore, had some degree of control over the home. Beem told Chief Lonigro that he was living there, and the chief observed Beem at that residence five times between mid-February and March 4, 2016. Melissa's ex-husband also testified that Beem had been living at the residence and that he had seen Beem at that address at the end of February 2016. Additionally, text messages between Beem and Howard show Beem referring to "our [bed]room." State's Ex. 9. Moreover, in a phone call between Beem and Howard, Howard accused him of leaving her on the day the search warrant was executed but he disagreed, saying, "I was comin' right back home, babe." State's Ex. 20. We find this evidence sufficient to establish that he was living at Howard's residence and possessed the capability to maintain dominion and control over the methamphetamine and paraphernalia.

[11] As Beem did not have exclusive dominion and control over the residence, however, the State is required to offer additional evidence establishing his knowledge of the presence of the contraband. As noted above, one of the ways in which the State can make this showing is by offering evidence of incriminating statements made by the defendant. *Henderson*, 715 N.E.2d at 836. Here, the State submitted into evidence a series of text messages between Howard and Beem that took place the day before the search warrant was executed:

Howard:     I think we should dress warm go to garage and smoke all of what we have.  I can sneak the fools out too.  Gonna take a box out with me

                ***

Beem:     Up to u . . . Id rather stay in our room baby.

                ***

Beem:     ] smoke a boat[6] how much isleft.

Howard:     Not much.  That's why I haven't gotten it out.

                ***

Howard:     … to bring some foil.  Tell Hayley it's about gone so only us are smoking.  We an scrape bags and clean tooters after we smoke if you want.

Beem:     I f*cking love u beautiful….

State's Ex. 9 and 11 (spelling and grammatical errors original).  Additionally, the State offered into evidence an audio recording of a phone call between Beem and Howard that occurred while Beem was in jail and awaiting his trial:

---

[6] Howard testified that a "boat" is "aluminum foil folded into a boat-like shape to ingest methamphetamine." Tr. Vol. II p. 217.

Beem:       'Cause that's also when you had all that—um—in that bag, with you also, remember?

Howard:     Hmm.

Beem:       And I went to jail like two (2) days later—or the next day . . . .

                              ***

Beem:       It was two (2) days after 'cause you still had the little—it was the next day!  It was the next day.

Howard:     Hmm.

Beem:       You know.  'Cause we saved a little bit, it was the next day.

Howard:     Right.

Beem:       Right.

State's Ex. 20.  This evidence is sufficient to constitute an additional factor establishing Beem's knowledge of the contraband.  Specifically, a reasonable factfinder could infer from these statements, together with the fact that some of the contraband was in plain sight on top of a dresser in Howard's bedroom, that Beem had the intent and capability to maintain dominion and control over the methamphetamine and paraphernalia.  In other words, the evidence is sufficient

to establish that Beem constructively possessed methamphetamine and paraphernalia and to support his convictions for these offenses.

## II. Maintaining a Common Nuisance

[12] To convict Beem of Level 6 felony Maintaining a Common Nuisance, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally maintained a building that was used one or more times by persons to unlawfully use controlled substances. I.C. § 35-48-4-13(b) (2016) (since repealed, amended, and recodified at Indiana Code section 35-45-1-5). This Court has held that the evidence required to support a conviction for maintaining a common nuisance "is comparable to the evidence required to prove constructive possession." *Halferty v. State*, 930 N.E.2d 1149, 1152 (Ind. Ct. App. 2010). In other words, the State must show that the defendant has the intent and capability to maintain dominion and control over the contraband. *Id.* The State does not have to prove that a defendant owned a residence to support a conviction for maintaining a common nuisance. *Mack v. State*, 23 N.E.3d 742, 758 (Ind. Ct. App. 2014).

[13] Here, as noted above, Beem had been living at Howard's residence, with her permission, for the month leading up to the execution of the search warrant. As a result, he had the ability to maintain dominion and control over the house. We find that the evidence set forth above, including their conversations regarding using methamphetamine together, readily supports a conclusion that

he had the intent and capability to maintain dominion and control over both the residence and the contraband therein.

[14] Beem argues that the statute requires that the State prove that the building was used by "persons" on one or more occasions and that here, the State did not prove that multiple people used controlled substances in the residence. We disagree. As set forth above, the State introduced evidence of both text messages and phone calls in which Beem and Howard discuss using methamphetamine together. A reasonable factfinder could infer from this evidence that at least two people used Howard's residence to ingest methamphetamine. Therefore, we find the evidence sufficient to support this conviction.

[15] The judgment of the trial court is affirmed.


Barnes, J., and Crone, J., concur.